Dear Judge Rodgers:
Your request for an opinion has been forwarded to me for research and reply. Specifically you have asked the following question:
 Do the provisions of La. R.S. 14:95 (H), authorize a justice of the peace in the State of Louisiana to carry a concealed weapon?
La. R.S. 14:95 defines the crime of illegal carrying of weapons including penalties that are applicable to its violation. Your questions concerns subsection (H) of the statute, which states as follows:
 The provisions of this Section shall not prohibit active justices or judges of the supreme court, courts of appeal, district courts, parish courts, juvenile courts, family courts, city courts, and traffic courts from possessing and concealing on their person a properly registered firearm or handgun when the justice or judge is certified by the Council on Peace Officer Standards and Training.
Under Acts 1995, No. 1199, the Louisiana legislature recently added subsection (H), which this provision sets out a detailed and explicit list of the people to whom an exception for the carrying of a concealed weapons is provided. However, the term "justice of the peace" is not included in this exception. It would seem that if the legislature intended to include justices of the peace within this provision, it would have done so as it had done with every other type of judge that was mentioned.
Because there is no jurisprudence on this point, the Louisiana Civil Code and its general articles on the interpretation of statutes should be considered. La.C.C. art. 9, Code which is found in the chapter entitled "Interpretation of Laws," states as follows:
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
The provision in question is clear and unambiguous and thus, does not lend itself to a search for any further legislative intent. As a matter of fact, La. R.S. 14:95 (H) clearly states to whom this exception may apply. Additionally, no absurd consequences could result from a straightforward reading and application of La. R.S. art. 14:95 (H). As Article 9 mandatorily requires, we may not search for any legislative intent further than the words we are given in this statute, especially when these words are so explicit and present no ambiguities as to their meaning. Further, La.C.Cr.P. art. 10, provides as follows:
 When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
The language of La. R.S. 14:95 (H) is clear and very explicit. It puts forth an exhaustive rather than illustrative list of people who fit under this exception. There seems to be no area of this provision that could be susceptible to different meanings. Absent an amendment to this article, any different interpretation would be an infringement on legislative power to assume something that is not in this statute.
A justice of the peace is clearly a judge, and this opinion is in no way meant to detract from the prestige of that office. However, a justice of the peace is a type of judge, just like a district or appellate court judge, but unlike a district or appellate court judge, the office of justice of the Peace is not listed among the types of judges in La. R.S. 14:95 (H). It is true that because a justice of the peace is a judge, the code of judicial conduct found following Title 13 of the Louisiana Revised Statutes applies to that justice through a reading and application of La. R.S. 42:1167. However, significantly different in this provision is the term, "all judges." Unlike the explicit list of judges in the exception of La. R.S. 14:95 (H), La. R.S. article 42:1167 does include justices of the peace within its provisions.
In conclusion, La. R.S. 14:95 (H) provides an exception to the prohibition against carrying illegal weapons for certain persons. Within this explicit list of persons are many types of judges or justices may carry a concealed weapon. Absent from this explicit list in La. R.S. 14:95 (H) is the office of justice of the peace. Because of the explicit and express nature of La. R.S.14:95 (H), and because the Louisiana Civil Code provisions on interpretation of laws do not allow a search for legislative intent when the law is clear and unambiguous, La. R.S. 14:95 (H) does not include the office of justice of the peace.
If our office can be of any further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ DONALD W. NORTH Assistant Attorney General